**RECORD NO. 13-4120**

In The

# United States Court Of Appeals

### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**GERARDO VILLALON HERNANDEZ,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE**

_____

**BRIEF OF APPELLANT**
_____

**Theresa A. Kennedy**
**LAW OFFICES OF**
  **THERESA A. KENNEDY, LLC**
**P. O. Box 367**
**Washington, NJ  07782**
**(908) 239-6205**

*Counsel for Appellant*

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES .................................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ...........................................................................1

STATEMENT OF THE ISSUES..........................................................................1

STATEMENT OF THE CASE..............................................................................2

STATEMENT OF THE FACTS ...........................................................................2

SUMMARY OF THE ARGUMENT ...................................................................4

ARGUMENT .........................................................................................................5

    STANDARD OF REVIEW ...........................................................................5

        I.    THE SENTENCE IMPOSED BY THE DISTRICT
            COURT IS UNREASONABLE ..................................................5

    DISCUSSION OF THE ISSUES ..................................................................6

        I.    THE SENTENCE IMPOSED BY THE DISTRICT
            COURT IS UNREASONABLE ..................................................6

CONCLUSION ......................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

United States v. Armel,
　　585 F.3d 182 (4th Cir. 2009) ...............................................................4, 5

United States v. Booker,
　　543 U.S. 220 (2005) ............................................................................1, 6

United States v. Brewer,
　　520 F.3d 367 (4th Cir. 2008) ............................................................4, 5, 6

United States v. Cooper,
　　437 F.3d 324 (3rd Cir. 2006) ....................................................................5

**STATUTES:**

8 U.S.C. § 1326(a) .........................................................................................2

8 U.S.C. § 1326(b)(1) ....................................................................................2

18 U.S.C. § 3231 ...........................................................................................1

18 U.S.C. § 3553(a) ...............................................................................4, 5, 6

18 U.S.C. § 3553(a)(3) .........................................................................5, 6, 7, 8

18 U.S.C. § 3553(c) ......................................................................................6

18 U.S.C. § 3553(c)(1) ...............................................................................6, 7

28 U.S.C. § 1291 ...........................................................................................1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a Judgment of Sentence entered in the United States District Court for the Western District of North Carolina at Criminal No. 1:10-cr-00053-MR-1. (Joint Appendix, Vol.1, pgs 56-61).

Subject matter jurisdiction was conferred upon the District Court, pursuant to 18 U.S.C. § 3231, which grants to the District Court original jurisdiction over all offenses against the Laws of the United States. Appellate jurisdiction is now conferred upon the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 1291, which grants the Courts of Appeal jurisdiction over appeals from all final decisions of the District Courts.

The District Court imposed Judgment of Sentence on March 17, 2011 (J.A. pg. 56).

The Appellant filed a timely Notice of Appeal on February 15, 2013 (J.A. pgs 62-65).

## STATEMENT OF THE ISSUES

I. **WHETHER THE SENTENCE IMPOSED BY THE DISTRICT COURT IS REASONABLE**

The United States Supreme Court held in United States v. Booker, 543 U.S. 220 (2005) that a sentenced imposed by the District Court is reviewable for reasonableness.

1

Here, the appellant did not raise specific objections on the record before the District Court, regarding the imposition of a term of incarceration. The counsel for the appellant did not request a probationary sentence.

## STATEMENT OF THE CASE

On August 17, 2010, an indictment was handed up from the Grand Jury (J.A. Vol. 1, pg. 8). A plea agreement was entered into with the Government on October 7, 2010 (J.A. pgs 9-26). After the preparation of a pre-trial investigation report (PSR), the appellant Gerardo Villalon Hernandez was sentenced to a term of imprisonment of 57 months on March 17, 2011 (J.A. Vol. 1, pgs 36-55).

Copies of the PSR are submitted with this brief under a separate sealed cover.

The Appellant filed a timely Notice of Appeal of the Judgment on February 15, 2013 (J.A. Vol 1, pgs 62-65).

## STATEMENT OF THE FACTS

The appellant entered a plea of guilty to Count One of the bill of indictment, in violation of Title 8 United States Code §§ 1326(a) and (b)(1) (J.A. pg 8).

The factual basis supporting the plea of guilty is that on or about August 4, 2010 in Polk County, within the Western District of North Carolina and elsewhere, Gerardo Villalon Hernandez, being an alien, knowingly and unlawfully did and attempted to enter and was found in the United States without the express advance

2

consent of the Attorney General or Homeland Security Secretary, and this occurred after he had been deported and removed from the United States and subsequent to a conviction for a felony.

A PSR was ordered by the District Court. Neither the appellant nor the Government filed any objections to the PSR. The District Court noted that the Presentence Report had determined the correct and appropriate offense level to apply in this case is 21, and the correct criminal history category to apply is IV.

The Sentencing Court stated that, based on the total offense level of 21, and criminal history category of IV, The Court concluded that the guidelines applicable in this case is 57 to 71 months.

The PSR indicates that Mr. Hernandez came to America in March of 1996, which would make him about 15 years old at that time. Mr. Hernandez' family lives in both Western North Carolina area and in Atlanta. Thus, he has strong ties to Southeastern U.S. Further, counsel for appellant indicated that the reason he came back to the United States is that he suffered from a back injury that would require extensive surgery (J.A. Vol 1, pg. 51).

The sentencing Court focused on the appellant's prior criminal history. The aggravated assault charges against Mr. Hernandez had occurred 10 years ago, when the appellant was 19 years old. The only recent criminal activity was a charge of driving while impaired.

The District Court did mention that it was aware of the factors set forth in 18 U.S.C. § 3553(a) that must be considered before passing sentence (J.A. pg. 52). However, the District Court was clearly concerned over the criminal history of the appellant Gerardo Hernandez. The District Court did not sufficiently consider that probation sentence, other than incarceration could be appropriate, or the possibility of the kinds of sentences available, pursuant to 18 U.S.C. § 3553(a)(3).

At the sentencing hearing of the appellant, Mr. Hernandez was sentenced to serve a term of incarceration for a period of 57 months (J.A. pg 50).

The appellant Gerardo Villalon Hernandez then filed this timely appeal.

## **SUMMARY OF THE ARGUMENT**

The sentence imposed by the District Court was unreasonable.

The Court held in <u>United States v. Brewer</u>, 520 F.3d 367 (4th Cir. 2008), that sentences imposed by the District Courts are reviewable for reasonableness.

To determine if the Court acted reasonably in imposing the resulting sentence, we must first be satisfied that the Court exercised its discretion by considering relevant factors. See 18 U.S.C. § 3553(a), <u>United States v. Armel</u>, 585 F.3d 182 (4th Cir. 2009). Here the District Court generally did consider the factors set forth in 18 U.S.C. § 3553(a). The Court, however, failed to give specific meaningful consideration by NOT considering probation as a viable sentence to be imposed.

4

Thus, the appellant Gerardo Hernandez claims that the District Court abused its discretion by imposing a sentence, without adequately considering the sentence factor set forth in U.S.C. § 3553(a)(3).

## ARGUMENT

## STANDARD OF REVIEW

The Standard of Review by the Appellate Court generally is whether the District Court abused its discretion by imposing an unreasonable sentence. United States v. Brewer, 520 F.3d 367 (4th Cir. 2008), United States v. Cooper, 437 F.3d 324, 328 (3rd Cir. 2006).

### I. THE SENTENCE IMPOSED BY THE DISTRICT COURT IS UNREASONABLE.

The Court held in United States v. Brewer, 520 F.3d 367 (4th Cir. 2008), that sentences imposed by the District Courts are reviewable for reasonableness.

To determine if the Court acted reasonably in imposing the resulting sentence, we must first be satisfied that the Court exercised its discretion by considering relevant factors. See 18 U.S.C. § 3553(a), United States v. Armel, 585 F.3d 182 (4th Cir. 2009). Here the District Court generally did consider the factors set forth in 18 U.S.C. § 3553(a). The Court, however, failed to give specific meaningful consideration by NOT considering probation as a viable sentence to be imposed.

Thus, the appellant Gerardo Villalon Hernandez claims that the District Court abused its discretion by imposing a sentence, <u>without</u> adequately considering the sentence factor set forth in U.S.C. § 3553(a)(3).

## DISCUSSION OF THE ISSUES

### I.  THE SENTENCE IMPOSED BY THE DISTRICT COURT IS UNREASONABLE

Appellant Gerardo Hernandez' only contention is that the imposition of a sentence of incarceration was unreasonable since the District Court failed to sufficiently consider the kinds of sentences available, other than incarceration as it was required to do so, pursuant to 18 U.S.C. § 3553(a)(3).

The Court held in <u>United States v. Brewer</u>, 520 F.3d 367 (4th Cir. 2008) that sentences imposed by the District Courts are reviewable for reasonableness. The United States Supreme Court held that in <u>United States v. Booker</u>, 593 U.S. 220 (2005), held that a sentence imposed by the District Court is reviewable for reasonableness. To determine if the Court acted reasonably, it must first be satisfied that the Court exercised its discretion by considering the relevant 18 U.S.C. § 3553(a) factors.

In the instant case, the District Court did generally consider factors set forth in 18 U.S.C. § 3553(c), but the District Court was focused on the criminal history of the appellant, as it was required to do, pursuant to 18 U.S.C. § 3553(c)(1).

6

A close reading of the record shows that he Court gave great weight to Mr. Hernandez' DWI convictions, one of which occurred 10 years, prior to sentencing.

Further, Mr. Hernandez entered into the United States to have medical surgery to his back, as he was unable to receive adequate treatment in Mexico. Also, he already had family ties to Western North Carolina and the Atlanta, Georgia areas.

Thus in the instant case, Mr. Hernandez argues that one could conclude that the District Court was punishing him for his past misconduct, and NOT for the offense to which he pleaded guilty.

The District Court spent a great deal of time considering 18 U.S.C. § 3553(c)(1), however, it failed to give judicial consideration to allowing appellant Gerardo Hernandez a probationary sentence. While counsel for appellant did not argue for probation, a review of the facts showed that the probationary sentence would be appropriate for the appellant, since the only wrongdoing was to enter the United States for medical treatment.

Therefore, and for the foregoing reasons, the District Court abused its discretion by imposing a sentence, without considering 18 U.S.C. § 3553(a)(3).

7

## **CONCLUSION**

The District Court plainly erred when it failed to consider a probationary term, pursuant to 18 U.S.C. § 3553(a)(3), before it imposed a sentence of incarceration.

Therefore, the appellant Gerardo Hernandez respectfully requests that the sentence imposed by the District Court be vacated and remanded to the District Court for re-sentencing.

/s/ Theresa A. Kennedy
Theresa A. Kennedy
LAW OFFICES OF
  THERESA A. KENNEDY, LLC
P. O. Box 367
Washington, NJ  07782
(908) 239-6205

*Counsel for Appellant*
  *Gerardo V. Hernandez*

Date:  June 17, 2013

8

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,517</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                          <u>/s/ Theresa A. Kennedy</u>
                          Theresa A. Kennedy

                          *Counsel for Appellant*

Dated: June 17, 2013

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on June 17, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE
      UNITED STATES ATTORNEY
    United States Courthouse
    100 Otis Street
    Room 233
    Asheville, NC  28801

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                        /s/ Shelly N. Gannon
                        Shelly N. Gannon
                        GIBSON MOORE APPELLATE SERVICES, LLC
                        421 East Franklin Street
                        Suite 230
                        Richmond, VA  23219